LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
(212) 465-1180
*Attorneys for Plaintiff, FLSA Collective
Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MANUEL ORTIZ, *on behalf of himself, FLSA Collective Plaintiffs, and the Class*,<br><br>                                Plaintiff,<br><br>           v.<br><br>RAPID ARMORED CORPORATION,<br><br>                                Defendant. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff MANUEL ORTIZ ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendant RAPID ARMORED CORPORATION ("Defendant" or "Rapid Armored) states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including

1

unpaid overtime, due to an improper rounding policy, (2) unpaid overtime, (3) spread of hours premiums, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

3. Defendant RAPID ARMORED CORPORATION provides security and armored transport of valuable goods and currency on behalf of its customers throughout the tri-state area. Its customers include jewelry businesses, gaming establishments, banks, and even secured transportation pursuant to government contracts.

4. Plaintiff, putative collective members, and putative class members are current and former non-exempt employees, including corporate security resource personnel, security guards, and/or armored car drivers, of Defendant, who were victims of Defendant's schemes to underpay employees. Specifically, Defendant engaged in a long-term scheme to avoid paying employees overtime premiums and full wages. Before 2019, Defendant required the number of hours an employee had to work in a week to become eligible for overtime to be fifty (50) hours. In 2019, the number of hours an employee needed to work in a week to become overtime eligible was reduced from fifty (50) hours to forty-two (42) hours, where it remains to this date. *See* **Exhibit A**, Plaintiff's Example Paystubs. In addition, Defendant has engaged in an improper rounding scheme to underpay employees by rounding all hours down to the nearest hour to the detriment of the employee. Defendant's improper pay practices are designed to, and in fact do, result in a windfall of improperly retained unpaid compensation owed to Plaintiff, putative collective plaintiffs, and putative class members.

5. Additionally, Defendant failed to compensate Plaintiff, putative collective members, and putative class members for their earned spread of hours pay for days beginning and ending working hours exceeding ten (10) hours.

6. Plaintiff brings this wage and hour class action on behalf of himself, and all similarly situated employees, who during the applicable state and federal limitations periods up to and including the present (the "Class Period"), were similarly underpaid by Defendant in violation of protections afforded under the FLSA and the laws and regulations of the States of New York.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

9. Plaintiff MANUEL ORTIZ is a resident of Kings County, New York.

10. At all times relevant herein, Defendant RAPID ARMORED CORPORATION was and is a corporation duly organized under and existing by virtue of the laws of the State of New York, registered as being operated out of New York County, New York and with a headquarters located at located at 160 Oak Drive, Syosset, NY, 11791 ("Headquarters") and an address for service of process located at its Headquarters.

11. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees employed by Defendant, (including corporate security resource personnel, security guards, and armored car

drivers) employed by Defendant on or after the date that is six (6) years before the filing of the Complaint ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been and continue to be subjected to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all of which have culminated in a willful failure and refusal to pay Plaintiff and other FLSA Collectives for all hours worked, including overtime premiums at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, due to Defendant's policies of time shaving. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees of by Defendant, (including corporate security resource personnel, security guards, and/or armored car drivers) employed by Defendant on or after the date that is six (6) years before the filing of the Complaint in this case (the "Class Period").

16. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are able to be

determined from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class member are also determined from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. 23.

17. The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently based is within the sole control of Defendant. There is no doubt that there are more than forty (40) members of the Class.

18. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All Class members were subject to the same corporate practices of Defendant, as alleged herein, of: (i) failing to pay for all hours worked including overtime premiums, due to Defendants' practice of failing to pay proper overtime premiums; (ii) failing to provide spread-of-hours premium; (iii) failing to provide Class members with proper wage statements with every payment of wages; and (iv) failing to properly provide wage notices to Class members, at date of hiring and annually, per requirements of New York Labor Law. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

20. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

21. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22. Defendant and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendant employed Plaintiff and the Class within the meaning of State's Labor Laws;

b. What were and are the policies, practices, programs, procedures, protocols and plans of Defendant regarding the types of work and labor for which Defendant did not properly pay Plaintiff and the Class members;

c. At what common rate, or rates subject to common methods of calculation, was Defendant required to pay Plaintiff and the Class members for their work;

d. Whether Defendant properly notified Plaintiff and Class members of hourly rate and overtime rate;

e. Whether Defendant provided spread of hours premiums for workdays lasting ten hours or longer;

f. Whether Defendant provided overtime premiums for hours worked over forty in a week;

g. Whether Defendant provided proper wage notices, at date of hiring and annually thereafter, informing Plaintiff and Class members of their proper rates of

      compensation and other information required to be provided on wage notice, as required under State's Labor Law;

h.   Whether Defendant provided Plaintiff and Class members proper wage statements with each payment of wages, as required under State's Labor Law;

i.   Whether Defendant properly compensated Plaintiff and Class members for all hours worked, including overtime hours; and

j.   Whether Defendant properly compensated Plaintiff and Class members for owed statutory premiums.

## STATEMENT OF FACTS

24.   In or about the March of 2003, Plaintiff MANUEL ORTIZ was hired by Defendant to work as a security guard and armored car driver on behalf of Defendant. Plaintiff's employment with the Defendant ended on or about March of 2022.

25.   Throughout his employment with Defendant, Plaintiff MANUEL ORTIZ was regularly scheduled to work sixty (60) hours per week. Plaintiff was scheduled to work twelve-hour days, 6:00 am to 6:00 pm, five days a week, Monday through Thursday and Sunday. Additionally, Plaintiff worked an additional twelve-hour shift approximately once a month on Fridays.

26.   During the relevant statutory period, Plaintiff MANUEL ORTIZ was paid at a base rate of approximately $17.00 per hour. FLSA Collective Plaintiffs and Class members were all compensated at similar rates throughout their employment.

27.   Throughout Plaintiff MANUEL ORTIZ's employment with Defendant, Plaintiff MANUEL ORTIZ was not compensated overtime premiums for all hours worked over forty. Instead, Defendant maintained a policy of raising the ceiling on the necessary number of hours

worked before an employees' entitlement to overtime premium commenced, contrary to federal and state wage laws.

28. Until 2019, Defendant was compensating overtime premiums after Plaintiff MANUEL ORTIZ's fiftieth (50th) hour worked in a week.

29. Similarly, FLSA Collective Plaintiffs and Class members also did not receive overtime premium until they worked more than their fiftieth (50th) hour per week.

30. After 2019 and continuing until today, Defendant only began compensating overtime premiums after Plaintiff MANUEL ORTIZ's forty-second (42nd) hour worked in a week. *See* **Exhibit A**, Plaintiff MANUEL ORTIZ's Paystubs.

31. Similarly, after 2019 and continuing until today, FLSA Collective Plaintiffs and Class members were not compensated overtime premiums for all hours worked after (40) in a week.

32. Defendant violated Plaintiff's, FLSA Collective Plaintiffs', and Class members' rights by refusing to pay at the overtime premium rate of time and one half of regular hourly rate for each hour exceeding forty (40) hours per workweek.

33. Throughout Plaintiff's employment, Plaintiff MANUEL ORTIZ often worked over twelve hours per shift.  However, Plaintiff MANUEL ORTIZ was never compensated with his spread of hours premium for days in which he worked more than (10) hours. Similarly, Class Members were not compensated with their spread of hours premiums when working shifts of more than ten (10) hours.

34. Additionally, Defendant improperly rounded Plaintiff FLSA Collective Plaintiffs, and the Class members' hours to their detriment. Plaintiff clocked in and out on a daily basis from Defendant's Brooklyn hub located at 254 Scholes St., Brooklyn, NY 11206.  Despite clocking-in-

and-out on a daily basis, Plaintiff's compensation is always impermissibly rounded down to the nearest hour. FLSA Collective Plaintiffs and the Class members experienced similar detrimental rounding.

35. Defendant knowingly and willfully operated their business with a policy of not properly compensating either FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs, and Class members. Defendant knowingly and willfully operated their business with a policy of not providing proper wage statements as required under New York Labor Law.

36. Defendant failed to provide proper wage notices to employees, including rate of overtime compensation, among others, at the beginning of employment and annually thereafter, pursuant to the requirements of New York Labor Law.

37. Defendant did not provide Plaintiff and Class members with proper wage statements, as they failed to accurately provide all the hours Plaintiff and Class Members worked at all relevant times. Similarly, Class members also did not receive proper wage statements, in violation of NYLL. Plaintiff, FLSA Collective Plaintiffs, and the Class members were required by Defendant to perform unpaid work due to improper rounding, and improperly disclosed and compensated overtime hours, resulting in unpaid wages and overtime premium.

38. In failing to provide proper wage statements and notices, Defendant has failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendant's failure to provide such notices trivializes the importance of these notices in protecting Plaintiffs' interest in ensuring proper pay. Despite Defendant's conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing

penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

39. Here, Defendant's failure goes beyond generating a risk of harm to Plaintiff and Class members. Defendant's conduct actually harmed Plaintiff and Class members. Defendant's failure to provide paystubs listing all hours and rates of pay, including overtime hours and overtime rates, deprived employees of the ability to contest Defendant's calculations, allowed Defendant to hide their wrong-doing, and necessitated the current litigation to vindicate Plaintiff and Class members' rights. This conduct ensured Defendant's ability to further delay providing proper compensation to low wage earners entitled to protection under federal and state law. Moreover, Defendant's failure to provide wage notices allowed Defendant to hide the proper frequency of pay to employees. Defendant's failure to provide a wage notice to employees allowed Defendant to hide their responsibility and deprive employees of timely compensation.

40. Due to Defendant's failure to provide legally mandated notices such as earning statements and wage notices, Defendant was able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff and Class members. This delayed payment caused Plaintiff to struggle to timely pay bills. Class members similarly struggle to timely pay debts due to Defendant's continued attempts to hide wrongdoing from employees.

41. Due to these unlawful acts of Defendant, Plaintiff suffered liquidated damages in an amount not presently ascertainable. In addition, Plaintiff is entitled to reasonable attorney's fees, statutory penalties and costs and disbursements of the action.

42. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF FAIR LABOR STANDARDS ACT

43. Plaintiff reavers and realleges by reference all allegations in all the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

44. At all relevant times, Defendant was and continues to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

45. At all relevant times, Defendant employed Plaintiff and FLSA Collective Plaintiffs within the meaning of FLSA.

46. At all relevant times, Defendant had gross annual revenues in excess of $500,000.

47. At all relevant times, Defendant had a policy and practice of failing to pay wages for all hours worked.

48. At all relevant times, Defendant willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay them wages in the lawful amount for all hours worked, including those in excess of forty (40) hours worked each week, due to improper rounding

49. At all relevant times, Defendant willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay them wages in the lawful amount for all hours worked, including those in excess of forty (40) hours worked each week, due to an improper policy, which raised the time upon which employees become overtime eligible.

50. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due.

51. Defendant knowingly and willfully disregarded the provisions of FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked when Defendant knew or should have known such was due.

52. At all relevant times, Defendant had a policy and practice of failing to pay the proper overtime premium to FLSA Collective Plaintiffs for their hours worked.

53. Defendant failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under FLSA.

54. As a direct and proximate result of Defendant's willful disregard of FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

55. Due to the intentional, willful and unlawful acts of Defendant, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## <u>VIOLATION OF NEW YORK LABOR LAW</u>

56. Plaintiff reavers and realleges by reference all allegations in all the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

57. At all relevant times, Plaintiff and Class members were employed by Defendant within the meaning of New York Labor Law, §§ 2 and 651.

58. At all relevant times, Defendant had a policy and practice of refusing to pay Plaintiff and Class Members for all hours worked, including at the statutory rate of time and one-half the regular rate for overtime hours worked, due to Defendant's improper rounding and an improper policy raising of the time upon which employees become overtime eligible.

59. Furthermore, Defendant willfully violated Plaintiff and Class Members' rights by refusing to compensate them for all hours due to an improper rounding policy during which they were required to work.

60. Defendant failed to provide a proper wage and hour notice, on the date of hiring and annually, to Plaintiff and Class Members, in direct violation of New York Labor Law.

61. Defendant willfully violated Plaintiffs' and Class members' rights by failing to pay spread-of-hours premium to Plaintiffs and Class members for each workday that exceeded ten (10) hours in length.

62. Defendant failed to provide proper wage statements with every payment issued to Plaintiff and Class Members, as required by New York Labor Law § 195(3).

63. Defendant knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law. Defendant is required to provide itemized listings of deductions taken on each wage statement. Moreover, with

respect to <u>all</u> employees, Defendant failed to provide wage statements that satisfied statutory requirements under NYLL because Defendant failed to disclose the proper overtime rate of pay and overtime hours worked.

64. Due to Defendant's New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendant's unpaid wages, including overtime, unpaid spread-of-hours premium, reasonable attorney's fees, liquidated damages, statutory penalties, and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

b. An injunction against Defendant and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages and overtime compensation, due to Defendant's policy of improper rounding and policy of not paying overtime for all hours worked over forty in a workweek under FLSA and NYLL;

d. An award of unpaid spread-of-hours premium due under the FLSA and NYLL;

e. An award of statutory penalties as a result of Defendant's failure to comply with wage notice and wage statement requirements under FLSA and NYLL;

    f.    An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay proper wage, overtime compensation, and spread-of-hours premium pursuant to the FLSA and NYLL;

    g.    An award of prejudgment and post-judgment interest, costs and expenses of this action, together with reasonable attorney's and expert fees and statutory penalties;

    h.    Designation of Plaintiff as Representative of FLSA Collective Plaintiffs;

    i.    Designation of this action as a class action pursuant to F.R.C.P. 23;

    j.    Designation of Plaintiff as Representative of the Class; and

    k.    Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.


Dated: October 6, 2022                          Respectfully submitted,

                                                  By:   */s/ C.K. Lee*
                                                            C.K. Lee, Esq.

                                                     LEE LITIGATION GROUP, PLLC
                                                   C.K. Lee (CL 4086)
                                                   Anne Seelig (AS 3976)
                                                   148 West 24th Street, Eighth Floor
                                                   New York, NY 10011
                                                   Tel.: 212-465-1180
                                                   Fax: 212-465-1181
                                                   *Attorneys for Plaintiff, FLSA Collective*
                                                   *Plaintiffs and the Class*